Lane's Floor Coverings & Interiors, Inc. v DiLalla (2020 NY Slip Op 02378)





Lane's Floor Coverings & Interiors, Inc. v DiLalla


2020 NY Slip Op 02378


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11420N 157933/16

[*1]Lane's Floor Coverings & Interiors, Inc., Plaintiff-Appellant,
v
Anthony DiLalla, et al., Defendants-Respondents.


Davidoff Hutcher & Citron LLP, New York (Andrew K. Rafalaf of counsel), for appellant.
Zeichner Elman & Krause LLP, New York (Bruce S. Goodman of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered December 10, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to amend the complaint and to compel defendants to produce certain documents, unanimously reversed, on the law and the facts, without costs, and the motion granted.
Plaintiff alleges that defendants assisted its former controller in fraudulently cashing checks drawn on its account. The complaint identifies five such checks. Plaintiff seeks to amend the complaint to add allegations concerning an additional 60 fraudulently cashed checks, and to compel defendants to produce documents relating to the entire fraudulent scheme.
The court denied plaintiff's motion on the ground that the proposed claims failed to state a cause of action, because plaintiff had not complied with defendant bank's 90-day-notice requirement with respect to potentially fraudulent checks. However, there is no evidence that plaintiff agreed to the Account Disclosures and Rules containing that notice requirement in connection with the account on which the fraudulently cashed checks were drawn. While plaintiff subsequently agreed to the Account Disclosures and Rules in connection with other accounts held at the bank, given the procedural posture of this case, defendants failed to establish that plaintiff's claims are "patently lacking in merit" (Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]; CPLR 3025[b]). In addition, defendants demonstrated no prejudice or surprise resulting from the amendment (see Verizon N.Y. Inc. v Consolidated Edison, Inc., 38 AD3d 391, 391 [1st Dept 2007]).
In accordance with the foregoing, plaintiff is entitled to discovery with respect to the additional fraudulent checks.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK